*EX PARTE* JENKINS, *IN RE* DUNN v. HOGG AND CAVE BROS. v. HOGG.

1. FORECLOSURE—WRIT OF ASSISTANCE—PURCHASER.—A person not a party to a foreclosure suit, who claims possession of mortgaged lands otherwise than through a party to the proceeding while pending, cannot be dispossessed of the lands by *writ of assistance* at instance of purchaser at foreclosure sale.

2. CASES DISTINGUISHED.—*Gerald* v. *Gerald*, 31 S. C., 171, and *Trenholm* v. *Wilson*, 13 S. C., 174, *distinguished* from this.

Before ALDRICH, J., Barnwell, April, 1896.  Reversed.

Petition by E. H. Jenkins in the cases of Uriah Dunn against J. J. Hogg and T. S. Cave & Bro. against J. J. Hogg, asking a writ of assistance against G. M. Hogg and J. J. Hogg, requiring them to let him, as purchaser at foreclosure sales in said cases, into possession of the lands sold.  The proceeding was heard, on motion, on affidavits by both sides. The following is the order on Circuit:

This proceeding came before me on a petition of E. H. Jenkins, and notice of a motion directed to J. J. Hogg and G. M. Hogg, in which the petitioner prayed that he be put into possession of two several tracts of land, mentioned and described in the petition herein.  The notice of said motion was addressed to be heard before me at Barnwell, but by consent of counsel in writing, the hearing of said motion was continued, to be heard by me at Aiken in accordance with the said agreement.  The matter was taken up before me at Aiken on Monday, the 13th day of April, A. D. 1896. W. A. Holman, Esq., of the law firm of Patterson & Holman, was present, representing the petitioner, E. H. Jenkins, and G. Duncan Bellinger, Esq., of the law firm of Bellinger, Townsend & O'Bannon, was present representing the said

J. J. Hogg and G. M. Hogg. It was announced at the hearing that no question was made as to the thirty-acre tract described in the petition, and the same will not enter further into the consideration of this matter. It appears that one W. G. Hogg was the owner of the twenty-acre tract of land described in the petition prior to June, A. D. 1881, and that he resided in the State of Louisiana. That he put his brother, G. M. Hogg, in possession of the said land (twenty acres) as his tenant, and this fact is shown by the return of G. M. Hogg. It further appears that on the    day of 1881, the said W. G. Hogg sold and conveyed the twenty-acre tract in fee to J. J. Hogg, a son of G. M. Hogg, and that he put the said J. J. Hogg in possession thereof, and that the said J. J. Hogg has claimed and used said land as his own since the execution and delivery of the said deed, which was recorded in the year 1891 in the office of register of mesne conveyance for said county. It appears that on the 6th day of February, A. D. 1894, the said J. J. Hogg executed a mortgage over the said twenty acres of land to one Uriah Dunn, and that an action was commenced to foreclose the said mortgage in the said Court, which said action resulted in a judgment of foreclosure, and sale on the 24th day of August, A. D. 1895, and that in obedience to said judgment of foreclosure the master sold said twenty-acre tract of land on salesday in November, 1895, and at such sale the petitioner, E. H. Jenkins, became the purchaser, complied with his bid, and received a deed from the master for said tract of land, and that the sale was confirmed by the Court on the 28th day of March, 1896, during the regular term of said Court. It also appears that the petitioner claims said land under a foreclosure sale by the master, at the suit of T. S. Cave & Bro. against the said J. J. Hogg, and that the said sale was confirmed on the 28th day of March. Thereafter demand was duly made for the possession of the said land, and the master's deed and a certified copy of the order confirming the said sale was exhibited to the said J. J. Hogg and G. M. Hogg, and the said G. M. Hogg

refused to surrender possession, and these proceedings were instituted to get possession of the said land. The only controversy is as between petitioner, E. H. Jenkins, and G. M. Hogg. The return of the said G. M. Hogg shows that J. J. Hogg has the legal title to the twenty-acre tract of land in question; he also admits that he was at one time the tenant of W. G. Hogg, who conveyed to J. J. Hogg, but he claims now to have acquired title by adverse possession for more than ten years. It appears that J. J. Hogg and his father lived on the said land most of the time as members of the same family. Under the facts of the said case the contention of the said G. M. Hogg cannot be sustained. It is well settled law that a tenant cannot dispute his landlord's title; therefore, as G. M. Hogg admitted that he was the tenant of W. G. Hogg at the time he conveyed to J. J. Hogg, then as a matter of course G. M. Hogg became the tenant of the said J. J. Hogg, under whom the petitioner claims title. There are no facts whatever in this case which tend to show that the relation of landlord and tenant had ever been severed as between the said J. J. Hogg and G. M. Hogg. It is necessary for the tenant to act in hostile relations to the landlord so as to change the status. (12 Am. & Eng. Enc. Law, p. 757, and authorities there cited.) In the case of *Gerald* v. *Gerald*, 31 S. C., p. 171, the Court considered a disputed location as the property sold under foreclosure proceedings under a rule against the mortgagor. In the case of *Trenholm* v. *Wilson*, 13 S. C., 174, the widow of the mortgagor was required to surrender possession on a rule to show cause against her claim as a right of dower. I am satisfied that no such claim of title to real estate is raised in this case as to prevent me from giving the petitioner the relief which he demands.

Wherefore, it is ordered and adjudged, and the said G. M. Hogg and J. J. Hogg are hereby required and commanded to surrender possession of the twenty acres of land to the petitioner, E. H. Jenkins, described and bounded in the second paragraph of the said petition; and, in default thereof, it is ordered, and J. W. Lancaster is hereby com-

manded and required, to attach the said G. M. Hogg and to put the said E. H. Jenkins in the possession of the said twenty-acre tract of land above mentioned. Let a certified copy of this order be forthwith served on the said J. J. Hogg and G. M. Hogg.

From this order the respondent, G. M. Hogg, appeals, on following grounds:

1. That his Honor, the presiding Judge, erred in finding as matter of fact, and in concluding as matter of law, that the possession by G. M. Hogg of the twenty-acre tract of land in dispute was as tenant of J. J. Hogg, the defendant in the actions for foreclosure; whereas his Honor should have found that said G. M. Hogg was, prior to the commencement of said actions for foreclosure, and still is, in possession of said tract of land, claiming it as his own by reason of a resulting trust which arose out of the fact that he had furnished the purchase money for which the deed to J. J. Hogg was executed, and had been in sole possession of said land ever since the execution of said deed.

2. That his Honor, the presiding Judge, erred in finding that there was no such claim of title to real estate raised in this case by the return of G. M. Hogg as should prevent him from giving the petitioner the relief which he demanded.

3. That his Honor, the presiding Judge, erred in undertaking, in this summary proceeding, to determine the rights of G. M. Hogg, who was not a party to the foreclosure proceedings, and who was in possession of the premises under a claim of right which accrued previous to the commencement of the foreclosure proceedings, prior to and at the time when said foreclosure proceedings were commenced.

4. That his Honor, the presiding Judge, erred in requiring said G. M. Hogg to be attached, when he was not a party to the foreclosure suits, or either of them, and had not come into possession of said land subsequent to the commencement of said suits.

*Messrs. Bellinger, Townsend* and *O'Bannon*, for appel-

lants, cite: 59 N. J., 396; 40 N. E. R., 787; 7 S. C., 381; 1 McMul., 5; 17 S. E. R., 828; 18 S. E. R., 801; 21 Wallace, 289; 10 Paige, 307; 22 N. J. Eq., 31; 8 Paige, 33; 101 U. S., 837, 849; 11 Wis., 454; 4 Paige, 204; 106 Ill., 476; 4 S. C., 338; 13 S. C., 174.

*Messrs. Patterson & Holman*, contra, cite: 27 S. C., 435.

Feb. 26, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. Under proceedings for foreclosure of mortgages in the two cases stated in the title, two tracts of land in Barnwell County—one containing thirty and the other twenty acres—were offered for sale by the master of said county in the fall of 1895, under the judgments of foreclosure obtained in said cases, and bid off by the petitioner, E. H. Jenkins, who complied with 'the terms of the sales, and received titles from the master. These sales were duly reported to and confirmed by the Court of Common Pleas for said county. Both of these judgments of foreclosure contained the usual provision, that the purchaser be let into possession upon "the production of the master's deed, and a certified copy of the order confirming the report of the sale." In pursuance thereof, the purchaser, E. H. Jenkins, made due demand upon the said J. J. Hogg and one George M. Hogg, who it seems was in possession of the twenty-acre tract, for the possession of the premises covered by the mortgages, exhibiting to them the master's deeds, together with certified copies of the orders confirming the sale. With this demand the said J. J. Hogg and George M. Hogg refused to comply. Thereupon this petition was filed by the said E. H. Jenkins, setting forth all the facts relied upon by him, and praying that the said J. J. Hogg and George M. Hogg be required to surrender possession of the mortgaged premises to the petitioner, and in default thereof, that they be removed by the sheriff of the said county, and attached for contempt. Due notice was given to the said J. J. Hogg and George M. Hogg of a motion

before his Honor, Judge Aldrich, for an order in conformity to the prayer of the petition. This motion was heard by Judge Aldrich, upon affidavits in behalf of both sides, copies of which are set out in the "Case." On the 17th of April, 1896, Judge Aldrich made an order, granting the prayer of the petitioner, and from this order the said George M. Hogg alone appealed, upon the several grounds set out in the record. A copy of this' order, as well as the grounds of appeal, should be incorporated in the report of this case. It is stated in the order that no question was made at the hearing as to the thirty-acre tract, and, therefore, we will confine our attention to the question whether there was any error in the order requiring that the petitioner be let into possession of the twenty-acre tract under this mode of proceeding.

The appellant, George M. Hogg, who, it is conceded, was never made a party to either of the actions for foreclosure, states in his affidavit: 1st. That the said J. J. Hogg never was the owner of the twenty-acre tract, and never was in possession thereof as owner. 2d. That for many years prior to the 1st of June, 1881, the twenty-acre tract belonged to one William G. Hogg, and that appellant was in possession thereof as tenant of said Wm. G. Hogg. 3d. That on said 1st of June, 1881, the appellant purchased the said twenty-acre tract from the said William G. Hogg, paying the purchase money thereof, $400, out of his own funds, and the said Wm. G. Hogg "then executed a deed of said tract of land to Junius J. Hogg, and delivered the same to this respondent, Geo. M. Hogg, who took said deed for his own benefit, and filed it away among his papers, and then took possession thereof as owner ever since said 1st day of June, 1881, adversely to all other claims, and still has such possession; and the said deed to Junius J. Hogg from W. G. Hogg was never delivered to said Junius J. Hogg." 4th. That the said deed "was, in the year 1891, without the knowledge or consent of appellant, taken from his possession and placed upon record;" of all which appel-

lant was ignorant until long after the mortgages referred to above were executed. 5th. That the petitioner, at the time of his purchase at the master's sale, had notice that appellant was in possession of the land, claiming it adversely to said J. J. Hogg. The affidavit of G. Price Hogg, submitted in behalf of appellant, is simply to the effect that, before the master's sale, the petitioner, E. H. Jenkins, had notice that the twenty-acre tract belonged to appellant, and that appellant had lived on the land ever since 1881, claiming it as his own. J. J. Hogg, in his affidavit, speaking of the twenty-acre tract, says that he is not now, and never has been, in possession thereof, "the same being in the possession of Geo. M. Hogg, who has had actual possession thereof as owner since 1881." He then proceeds to explain how it was that he undertook to execute a mortgage on that tract by saying that this mortgage was executed under the impression that he was the owner of that tract, because, in looking among some old papers in the desk of his father, Geo. M. Hogg, he found the deed to him from W. G. Hogg above referred to; but he knew nothing of the circumstances connected with the execution of said deed until after he had taken the deed to Barnwell, where he executed the mortgage and had the deed recorded, without saying anything about it to the other members of the family; but afterwards his father informed him of the circumstances, and told him that the deed had never been delivered to him (J. J. Hogg) "because said Geo. M. Hogg had paid the consideration therein named, and claimed the land as his thereunder." In reply to the foregoing affidavits in behalf of the appellant, the petitioner submitted the following affidavits: Cæsar Johnson, who says, speaking of the twenty-acre tract, that J. J. Hogg "has always claimed this land as his own;" that during the year 1894 the appellant employed a surveyor to make a plat of this tract, "and said it was J. J. Hogg's land," instructing the surveyor to make the plat for said J. J. Hogg, and that said J. J. Hogg resided upon and cultivated the place during the year 1894

Next, the affidavit of W. M. Harden, which simply shows, what does not seem to be disputed, that the petitioner, E. H. Jenkins, at the time he demanded possession, exhibited to J. J. Hogg and Geo. M. Hogg the master's deed and certified copies of the orders confirming the sale. Lastly, the affidavit of W. G. Hogg, in which he states that he was originally the owner of the twenty-acre tract; that when he left this State and went to reside in the State of Texas, "he turned over the twenty acres of land to his brother, G. M. Hogg, as his agent to rent for him and to pay the taxes thereon;" that some time afterwards he "sold and conveyed the said twenty acres of land * * * to J. J. Hogg, and delivered possession thereof to him, and that said J. J. Hogg has claimed the land since that time as his land; * * * that he first made a contract to sell the said twenty acres of land to his brother, G. M. Hogg, but that the said G. M. Hogg requested deponent to let his son, J. J. Hogg, have the land, and that, in accordance with said request, deponent made the deed to J. J. Hogg as aforesaid;" that at the time of the sale to J. J. Hogg, deponent resided in the State of Louisiana. The foregoing are, substantially, the facts as stated in the affidavits upon which the motion was heard by Judge Aldrich, and the question now presented is, whether, under this mode of proceeding, there was any error in the order practically directing that a writ of assistance do issue requiring the sheriff to eject the appellant, Geo. M. Hogg, from the possession of the twenty-acre tract of land, and to put the petitioner in possession thereof.

It seems to us clear, both upon principle and authority, that there was error in the order appealed from, in so far as it affected the appellant, George M. Hogg, because he was not a party to either of the actions for foreclosure, nor did he go into possession under either of the parties to such actions while the same were pending. As was said by Mr. Justice Field, in delivering the opinion of the Supreme Court of the United States, in the case of *Terrell* v. *Allison*, 21 Wallace, at page 291: "A writ of

assistance is undoubtedly an appropriate process to issue from a court of equity to place a purchaser of mortgaged premises under its decree in possession after he has received the commissioner's or master's deed, *as against parties who are bound by the decree* (italics ours), and who refuse to surrender possession pursuant to its direction or other order of the Court. The power to issue the writ results from the principle that the jurisdiction of the Court to enforce its decree is coextensive with its jurisdiction to determine the rights of the parties, and to subject to sale the property mortgaged. * * * But," the learned Justice adds, "the writ of assistance can only issue against parties bound by the decree, which is only saying that the execution cannot exceed the decree which it enforces; and that the owner of the property mortgaged, which is directed to be sold, can only be bound when he has had notice of the proceedings for its sale, if he acquired his interest previous to their institution, is too obvious to require either argument or authority. It is a rule as old as the law that no man shall be condemned in his rights of property, as well as in his rights of person, without his day in Court—that is, without being duly cited to answer respecting them, and being heard or having an opportunity of being heard thereon." The case now under consideration is much stronger than that just cited and quoted from; for in that case the mortgage under which the property was sold was executed in 1866, and in 1867 the mortgaged premises were sold and conveyed by the mortgagor to one Eliza Kyle, who was then placed in possession. Subsequently, to wit: in May, 1871, after the proceedings for foreclosure were commenced, Mrs. Kyle sold and conveyed the mortgaged premises to one Terrell, who transferred a part of his interest to his brother, against whom the writ of assistance was issued by the decree of the Circuit Court, and it was sought to sustain that decree upon the ground that the Terrells had purchased and obtained possession after the commencement of the action for foreclosure, but the Supreme Court reversed that decree, hold-

ing that Mrs. Kyle not having been made a party to the action for foreclosure, she was not bound thereby, and the Terrells, her grantees, being entitled to all her rights, stood in her shoes, saying that: "The writ of assistance could not be executed against her, or against them claiming under her, her rights not having been affected by the decree. A writ of assistance can only issue against parties to the proceedings, and parties entering into possession under them, after suit commenced *pendente lite*. It is true that the two Terrells purchased the premises after suit brought for their sale, but not from a party to such suit, or from any one who had acquired his interest subsequent to its commencement. They do not come, therefore, within the meaning of the rule, which makes the decree bind parties purchasing *pendente lite*." · Here, however, the appellant claims to have acquired both title and possession long before either of the actions for foreclosure were commenced; and, in fact, as we infer from the statements found in the record, before either of the mortgages were executed. It is clear, therefore, that his rights, whatever they may be, could not be affected by the judgments for foreclosure. The same doctrine, thus strongly announced in the case just cited, may be found in Beach Mod. Eq. Prac., sec. 901, and 2 Ency. Plead. & Prac., 979, where numerous cases are cited. Nor can the validity of the claim of appellant be properly tried in this summary mode of proceedings, in which the testimony is presented by affidavits, without the opportunity to cross-examine the witnesses. See Beach on Mod. Eq. Prac., sec. 901; *Exum* v. *Baker* (N. C.), 20 S. E. Rep., 448, and the cases there cited. Indeed, possession of real property confers substantial rights of which a person should not be deprived by such a summary mode of proceedings as was resorted to in this case; but such rights should be tried in the usual and orderly manner, where the testimony can be properly sifted. See *Orr* v. *Orr*, 7 S. C., 381.

The Circuit Judge seems to have based his conclusion largely upon the assumption that George M. Hogg was the

tenant of the mortgagor, J. J. Hogg, and could not, there-
fore, dispute his landlord's title, which the petitioner had
acquired by his purchase at the sale for foreclosure. This
assumption seems to rest upon the idea that Geo. M. Hogg
admitted in his affidavit that he was the tenant of W. G.
Hogg, and that when he made the deed to J. J. Hogg, he
thereby became the tenant of said J. J. Hogg. But while
George M. Hogg does say that he was the tenant of W. G.
Hogg *prior* to 1st June, 1881, he also says that he on that
day acquired title to the land, and from that day his posses-
sion was adverse to all the world; and while it is true that
the affidavits submitted contain conflicting statements as
to the character of his possession—whether it was adverse
or not—yet this very fact, together with the fact, stated in
one of the affidavits, that the deed from W. G. Hogg to J.
J. Hogg was never *delivered*, are quite sufficient to show
the propriety of the rule above stated, that the rights of a
third person not affected by the judgment of foreclosure,
which are alleged to have accrued prior to the commence-
ment of the action for foreclosure; should not be determined
in this summary mode of proceeding upon affidavits. There
can be no doubt that the appellant, George M. Hogg, was
in possession of the land before either of the actions for
foreclosure were commenced, and that any rights he may
thereby or otherwise have acquired accrued to him before
the actions for foreclosure were commenced, and hence he
could not properly be ejected by this summary mode of
proceeding. Of course, we are not to be understood as ex-
pressing, or even intimating, any opinion, either one way
or the other, as to the validity of the rights set up by the
appellant. All that we do decide is, that such rights, if
any there be, cannot properly be tested or determined by
this summary mode of proceeding.

We may also add, that even if it were conceded that Geo.
M. Hogg was the tenant of J. J. Hogg, it has been held, in
New York, in the case of *Boynton* v. *Jackaway*, 10 Paige,
307, that a tenant of the mortgagor, who went into posses-

sion prior to the commencement of the action for foreclosure,. and was not a party thereto, ought not to be ejected on a writ of assistance. Hence the usual practice is to make such tenant a party to the action for foreclosure, in order that the purchaser may readily acquire possession.

The cases of *Gerald* v. *Gerald*, 31 S. C., 171, and *Trenholm* v. *Wilson*, 13 S. C., 174, cited and relied upon by the Circuit Judge, are not, as it seems to us, in point. In the former, which should be cited as *Ex parte Winkler, in re Gerald* v. *Gerald*, the person from whom the purchaser at the foreclosure sale was seeking to obtain possession—Geo. W. Witte—was a party to the action for foreclosure, and, therefore, could and should have set up any rights which he claimed in that action; and having failed to do so, the Court held that he was bound by the judgment of foreclosure, and could not afterwards set up such rights against the purchaser at the sale under that judgment. Here, however, as we have seen, Geo. M. Hogg was not a party to the actions for foreclosure, and, therefore, not bound by the judgments in those actions; and he never before had any opportunity to set up the rights which he now claims. So, also, in the case of *Trenholm* v. *Wilson*, the person against whom possession was awarded to the purchaser at the foreclosure sale—Mrs. Wilson—acquired her right, and her possession, through her husband, after the commencement of the action for foreclosure, to which her husband was a party—indeed, after the judgment of foreclosure had been rendered, and, of course, after notice of pendency of that action had been filed.

The judgment of this Court is, that the order appealed from, in so far as it affects the rights of the appellant, Geo. M. Hogg, be reversed and set aside, without prejudice, however, to the right of the petitioner, E. H. Jenkins, to institute such other proceedings as he may be advised is proper to obtain possession of the land in question.