### 9517

McNAIR *ET AL.* v. ALEX (Two Cases).

(90 S. E. 23.)

Lis Pendens—Foreclosure Judgment—Parties Bound—Notice.—Where the wife of the mortgagor, having actual notice of the facts as well as constructive notice of the mortgage, by due filing of *lis pendens* 20 days before judgment, under Code Civ. Proc. 1912, sec. 182, took deed to the land from a prior owner, on the day of foreclosure sale to plaintiffs, she was by the terms of such section, bound by the judgment of foreclosure.

Before Mauldin, J., Sumter, June, 1915.   Affirmed.

Suit by John F. McNair and others against William Alex. Decree of foreclosure and sale, and, after sale to plaintiffs, Bettie Alex, in possession, refused to surrender possession. On application for rule to show cause, and return thereto, plaintiffs were ordered let into possession, and Bettie Alex appeals.

*Mr. N. J. Frederick,* for appellant, submits: 1. *The appellant went into possession of the land in question under a title from Peter Wilson, who was at the time of giving the deed the legal owner of the land, and had not been a party to any proceedings in regard to the land, and she was a purchaser without notice of any claims the plaintiffs may have. The question of paramount title to the land being raised in the return, the issue should have been submitted to a jury, or the order dismissed:* 54 S. C. 359; 78 S. C. 191; 60 S. C. 569; 44 S. C. 119; 79 S. C. 477.   2. *The appellant being in possession of the land under a deed from the legal owner, and neither she nor the legal owner being a party to any proceedings in regard to the land in question, his Honor erred in granting the order depriving her of the possession of the land in violation of the Constitution:* Constitution of South Carolina, article I, sec. 5.   3. *His Honor exceeded his authority in granting the writ of possession to the plaintiffs on their petition for the reason that the authority to put the purchaser at a judicial sale in possession is restricted to cases in which the parties holding possession are either parties to the proceeding or those who go into possession pendente lite claiming title under the parties to the bill or some of them, which is not the case in this instance.   As the petition clearly shows that the defendant went into possession under title from a different source and it is also set out in the answer:* Cyc. 24, 56; 8 Ala. 271; 41 S. W. 23; 19 Ky. L. Rep. 469; 25 S. C. 204; Cyc. 25, 1482h.   4. *The purchaser*

*at a judicial sale is not entitled to possession of the premises until confirmation of the sale, the petitioners did not show any confirmation of the sale nor alleged it in the petition, and in fact there is none, his Honor erred and was without authority to issue a writ of possession:* 1 S. C. 271; Cyc. 24, 55f.

*Mr. A. B. Stuckey,* for respondent, cites: *As to notice:* 91 S. C. 9. *Effect of lis pendens:* Code Civil Proc., sec. 182.

September 26, 1916.

The opinion of the Court was delivered by Mr. Justice Hydrick.

The plaintiffs, John F. McNair and others, brought suit in the Circuit Court against William Alex to foreclose a mortgage given by him on a lot of land, containing 2½ acres, more or less, and obtained a judgment of foreclosure and sale. Notice of the pendency of the action was filed with the clerk 20 days before judgment. At the sale, on January 4, 1915, plaintiffs became the purchasers of the lot, and the master executed and delivered to them his deed, dated January 13, 1915.

The appellant, Bettie Alex, wife of William Alex, was found in possession of the lot by plaintiff's agent, and she refused on demand to surrender the possession to plaintiffs, who thereupon applied to the Court for a rule requiring her to show cause why plaintiffs should not be put into possession of the lot.

In her return to the rule, she alleges that she is the owner in fee of the lot, and claims the same under a deed thereto from Peter Wilson, the owner of the legal title, dated January 4, 1915; that neither she nor Wilson was a party to the action for foreclosure, and neither is bound by the judgment.

The Court ordered that plaintiffs be let into possession, and she appealed.

It is admitted that Peter Wilson formerly owned the land, and sold it to William Alex many years ago. Bettie had actual notice of the facts, and actual as well as constructive notice of plaintiffs' mortgage and of the pendency of the action to foreclose the same. Indeed, she does not even allege that she is a *bona fide* purchaser for value without notice. By the express terms of section 182 of the Code of Civil Procedure she is bound by the judgment in the action for foreclosure.

Order affirmed.