## 9557

### ADAMS v. GEORGIA-CAROLINA POWER CO.
#### (90 S. E. 702.)

APPEAL AND ERROR—DETERMINATION AND DISPOSITION OF CAUSE—REVER-SAL.—In an action for specific performance of a contract for the sale of lands for flowage purposes, the Supreme Court on appeal held that the minds of the parties had not met, and no contract had been made, and decreed that the parties be restored to their original status. *Held,* that this did not require defendant to surrender a deed from plaintiff to lands not in dispute, and to withdraw the water therefrom, but merely restored the parties to their status at the commencement of the action, and left them to litigate all disputed

matters to the same extent as if no contract had been attempted to be made.

Before GARY, J., Edgefield, October, 1915.    Affirmed.

Action by Kate M. Adams against the Georgia-Carolina Power Company. From a judgment denying the motion of plaintiff to cancel a deed from plaintiff to defendant upon return of the consideration, plaintiff appeals.

See, also, 101 S. C. 177, 85 S. E. 312.

*Messrs. Tillman & Mays,* and *Grier, Park & Nicholson,* for appellant, cite: *As to power to decree equity:* 139 U. S. 216.    *Effect of former decision:* 3 Cyc. 462; 17 S. C. 217; 3 S. C. 337; 1 McC. 29; 31 S. C. 139; 33 S. C. 599; 34 S. C. 578; 45 S. C. 411; 38 S. C. 138; 90 S. C. 153; 6 Cranch 267; 13 Peters 339; 160 U. S. 247; 225 U. S. 582; 166 U. S. 263; 9 How. 34; 153 U. S. 246.

*Messrs. Sheppard Bros., J. W. Thurmond,* and *B. E. Nicholson,* and *Wright & Wright,* for respondent.

November 23, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff has commenced two actions against the defendant. The first action was begun in February, 1913, and the second was begun in September, 1913. They differ altogether in character. The first action is to permanently enjoin the defendant from completing the statutory proceeding it had begun to condemn the plaintiff's land to overflow them with waters from the Savannah River. Before that action was tried, the attorneys in the case undertook, by correspondence, to settle their differences; and it turned out that the chief difference bewixt them was the quantity of

land which was to be thus appropriated. The correspondence, when completed, did not effect its object. By its terms the plaintiff thought herself entitled to have compensation from the thread of Savannah River out to the level of the heightened water; and the defendant thought itself liable to pay for flooding only so much land as lay betwixt the level of the heightened water down to the edge of the waters at normal height. The difference was perhaps some 12 acres at $100 per acre. But before the attorneys had discovered their difference, it now appears that the plaintiff accepted that compensation which she was confessedly entitled to have, and made a deed to the defendant, and left it to the Court to say whether the contested margin should be paid or not by the terms of the correspondence; and the defendant flooded the plaintiff's lands. The second action was commenced by the plaintiff to enforce the contract which it was claimed the correspondence evidenced. The second action alone has beeen tried; but the first action has never abated; it is yet intact. At the trial of the second action below, the Court sustained the plaintiff's view of the correspondence and ordered the additional compensation. On the appeal from that decree the defendant explicity contended, amongst other things it is true, that the minds of the correspondents had not met, and there was no contract of compromise. This Court sustained that view, and ordered that the parties be "restored to their original status." The only issue now made, upon appeal from an order of the Hon. Frank B. Gary, is the meaning of this Court's judgment.

We think it is manifest that there was no purpose, and no authority, for us to have now concluded that the words used by us meant, or mean, that the defendant should now release the water off the land and deliver up the deed, and that the plaintiff should now pay back the money which she has received. We can no more do that at this stage of the litigation than we could hold on the present record that the deed

was rightly made and the money was rightly paid.    The case is not ripe to hold either postulate.    But we have held, and do now hold, that the parties did not reach any agreement in compromise of their differences.    Therefore the parties have now the right to litigate whether or not the acts done in execution of the supposed agreement shall not now be undone.    These acts have been first brought to the attention of this Court on this motion before the Circuit Court.  We refer to the payment of money to the plaintiff by the defendant, the execution of the deed by the plaintiff, and the flooding of the lands of the plaintiff.    Those matters are not ripe for judgment on the pleadings in the second and present action; but they involve a question of justice, and the plaintiff has a right to plead them in the first action.    The "original status" was that which existed before the supposed compromise agreement was made; for the vain agreement was made to settle that status.    The plaintiff is, therefore, entitled to proceed with her first action; and she ought to have the chance to supplement the pleadings thereof so as to put in issue the question whether or not the plaintiff may not pay back the money she received, and whether or not the defendant shall not deliver back the deed it received, and turn off the accumulated waters.    We are, therefore, of the opinion that while the Circuit Court was right not to grant the plaintiff's motion in this action, yet it is our duty and right to construe our own judgment, and to place the parties in their original plight, so that justice may be done.    It is, therefore, ordered that the order of the Circuit Court, in so far as it denies the plaintiff's motion, be affirmed; that the plaintiff may proceed, if so advised, with the first action, the same as if no compromise agreement had been attempted; that she may supplement her complaint therein so as to litigate the things done by the parties subsequent to the commencement of the second action; but if it be adjudged that that the chief difference betwixt them was the quality of

condemnation proceedings instituted by defendant shall be carried forward to final judgment, to the end that plaintiff's right to compensation for the land under the river, as well as for the lands for the taking of which her right to compensation is not disputed, and the amount of such compensation shall be ascertained and determined in the manner prescribed by law.    If the parties agree upon and submit to the Court the single issue of plaintiff's ownership of, and dependent right to compensation for, the land under the river, of course, they may do so; or they may otherwise limit the issues as they may agree or be advised.

The order of the Circuit Court is, therefore, affirmed, but without prejudice to the rights of the parties as hereinbefore indicated.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES HYDRICK and WATTS, concur in the opinion of the Court.

MR. JUSTICE FRASER, *dissenting.*    This is the second time this case has been before this Court.    A fuller statement of the facts of this case will be found in 101 S. C. 177-179, 85 S. E. 312.

It is sufficient here to say that the defendant, a public service corporation, undertook to condemn the plaintiff's land.    The plaintiff brought injunction proceedings and an action for specific performance.    The plaintiff alleged that she had a contract with the defendant.    The defendant, by way of answer, alleged that it had a contract with the plaintiff.    When the showing was made, it was manifest that while each party claimed a contract, yet the contracts were not the same.    The Court held that both parties were honest, but that neither party had consented to the contract set up by the other.    There was, therefore, no contract, and specific performance was denied to both.    It was very manifest that, on account of the number of proceedings had by the parties, it would result in great confusion simply to dismiss

the proceedings. This Court, therefore, concluded that, inasmuch as there was "hopeless disagreement between the parties, and so much had been done under a misapprehension, the only way to do complete justice was to set aside everything that had been done and require the parties to start over." Hence this Court adjudged: "Judgment reversed, and the parties restored to their original status."

It now appears that things had been done that were not before either the Circuit Court or this Court, when the respective judgments were rendered. It now appears that, pending the litigation in the Circuit Court, and before its judgment was rendered, the plaintiff conveyed to the defendant that part of the land that the defendant admitted that it had agreed to purchase. In order to restore the original status, the plaintiff moved before the Circuit Court for an order to cancel the deed and offered to return the purchase price. At the commencement of these proceedings, no deed had been executed and no money paid. The only way to restore the original status was to cancel the deed and return the money. The land in the meantime had been flooded with water. The original status, so far as the facts now before the Court are concerned, was no water on the land, no deed, and no money paid. Unless that order is absolutely nugatory, the deed must be avoided, the money repaid and the water removed. The specific orders to carry out the judgment of this Court are administrative orders, and administrative orders are within the province of the Circuit Court.

It is claimed, however, that the defendant had a deed, and that deed cannot be set aside by a mere order in the cause, but it is necessary for the plaintiff to bring a separate action to set it aside; that due process of law requires it. This deed was made *pendente lite*. When the judgment of the Circuit Court was rendered, and when the judgment of this

Court was rendered, the defendant had the deed in its possession, but did not call it to the attention of either Court.

In the case of *McNair* v. *Alex,* 105 S. C. 445, 90 S. E. 23, after the notice of *lis pendens* was filed, the defendant's wife, with whom he was not living, took a deed from a third party. A rule was issued to show cause why she should not be dispossessed. She pleaded title in herself, and showed her deed and made this same claim of a want of due process of law. Neither the grantor nor grantee were parties to the cause. This Court ordered her to give possession notwithstanding her deed.

In the instant case both grantor and grantee were parties to the cause. This is a much stronger case than *McNair* v. *Alex.* The doctrine of "due process of law" does not limit the rule as to the conclusiveness of a final judgment. The rule as to the conclusiveness of a final judgment is that it is conclusive, not only as to matters that were before the Court, but also as to those matters that should have been before the Court, and were not. The rule of due process of law is fulfilled when a party has been given an opportunity to present his whole case. A defendant cannot plead, in answer to ejectment proceedings, that he is not a tenant, but the owner; that he went into possession under a parol contract to purchase; that he has paid the purchase money and made valuable improvements, and then when he loses on that issue, refuse to quit because he has an absolute conveyance signed by him who claims to be the landlord. The Courts have the right to assume that both parties have disclosed their whole case. The nature of a final judgment is such that that part of the plaintiff's or defendant's case that is not disclosed is thrown away. There would be no end to litigation if another suit was necesssary to carry out the mandate of the Court. In fact, there would be an endless chain of valueless judgments.

The right of the Court to order restitution, even when the judgment was reversed for want of jurisdiction, is recognized in *Northwestern Fuel Co.* v. *Brock,* 139 U. S. 216, 11 Sup. Ct. 523, 35 L. Ed. 151. This case is much stronger, because the Court had jurisdiction and the deed was made *pendente lite* and all parties were before the Court.