13360

PIPKIN v. FLETCHER *ET AL.*

(162 S. E., 774)

*Mr. J. K. Owens,* for appellant,

*Messrs. Stevenson & Lindsay,* for respondent,

March 7, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent began an action in the Court of Common Pleas for Marlboro County, the 12th day of October, 1930, to foreclose a mortgage executed by Edgar R. Fletcher on January 5, 1928. Decree of foreclosure and sale was made November 25, 1930. Edgar R. Fletcher and a judgment creditor were the only parties defendant. Edgar R. Fletcher made no defense to the action. On December 24, 1930, H. R. Fletcher made a motion, before Judge Dennis, for leave to open the judgment and make him, the other brothers, sisters, nephews, and nieces of the defendant, Edgar R. Fletcher, parties defendant to the action. The ground of the motion was that under the will of John K. Fletcher, the father and grandfather of the movants, Edgar R. Fletcher, did not take title to the mortgaged premises and had no power to mortgage. The motion was refused. There was no appeal from the order of refusal. The property was sold on sale day in January, 1931, and bought by Mrs. Pipkin, the plaintiff, and deed was made and delivered to her by the Clerk of Court. Demand for possession was made upon Mrs. Judith P. Fletcher, who was in possession claiming under a lease of the premises to her by the executors of the will of John K. Fletcher for the year 1931. Possession being refused, respondent obtained an order directed to E. R. Fletcher and Mrs. Judith P. Fletcher requiring them to show cause why respondent should not have possession of the mortgaged premises. To this order they made return to Judge Dennis, setting up: That Edgar R. Fletcher held no title to the land which he mortgaged and was never in possession of it; that the executors of the will of John K. Fletcher had rented the lands for 1931; that before the land

was sold January 5, 1931, a petition was filed in the fore-closure proceeding by H. R. Fletcher, O. W. Fletcher, Mattie Fletcher, Sue Fletcher, and the children of John W. Fletcher, deceased, and Baxter A. Fletcher, asking that they be made parties defendant, and alleging that the title to this property was not in Edgar R. Fletcher, and the mortgage thereof was of no force and effect; the motion was refused; that Mrs. Pipkin, at the sale, was notified that these re-spondents denied the title of Edgar R. Fletcher and would not surrender the possession of the land to the purchaser; and that the will of John K. Fletcher, on file in the office of the Probate Judge for Marlboro County at the time the mortgage was taken, was further notice that Edgar R. Fletcher had no title to the property; they made the motion to be made parties to the original action, and the order re-fusing it, copy of the notice given at the sale, the will of John K. Fletcher, a part of their return.

Judge Dennis granted the writ directing that Mrs. Pipkin, as purchaser, be let into possession. He held that the mere statement that the title is involved was not sufficient, in it-self, to deprive petitioner of her order; that the petitioner Mrs. Pipkin and Mrs. Judith P. Fletcher both claim under the will of John K. Fletcher; that respondents placed it be-fore him and made it a part of their return. He construed the will to give Edgar R. Fletcher title in fee simple of the land, with the right in the executors by a suit in equity to call E. R. Fletcher to an accounting. He holds further that the contention that E. R. Fletcher never had possession of the land is unfounded; that the *lis pendens* was filed in the foreclosure proceeding in October, 1930; that the rent note for 1931 exhibited to him on the hearing was dated in De-cember, 1930, nearly two months after the filing of the *lis pendens*.

From this order Mrs. Judith P. Fletcher and Edgar R. Fletcher appeal. The grounds of appeal are set forth in six

exceptions; but appellant's counsel in his argument states that they may be considered under two general propositions:

"First: Did Judge Dennis have jurisdiction and the right to determine a question involving title to real estate in an application for a Writ of Assistance?

"Second: Did Judge Dennis correctly construe the will in holding that E. R. Fletcher had fee-simple title to the property in question, and that the only remedy which the Executors of the Estate of John K. Fletcher have is a suit to account against E. R. Fletcher?"

Another question is made by the exceptions which it is necessary to consider and decide, viz., whether Mrs. Judith P. Fletcher was entitled to hold possession of the land under her lease from the executors of the estate of John K. Fletcher.

The contention that Judge Dennis had no jurisdiction nor right to determine the issue of title to land in an application for a writ of assistance must be sustained. The case of *Ex parte Jenkins,* 48 S. C., 325, 26 S. E., 686, is express authority for that holding. So far as our examination goes, that case has not been overruled nor modified.

But it does not follow that the Judge was in error in granting the writ of assistance on other grounds. Mrs. Judith P. Fletcher claimed the possession under lease from the executors of the will of John K. Fletcher. Judge Dennis said: "Under my construction of the will the right of possession is not given the executors."

The appellants are hardly in position to say that Judge Dennis had no power to construe the will in this respect. They introduced it. It is true that he could not decide the question of title by construing the will, but we know of no law which prevents his construction of it as it affects the question of possession. We agree with him that the right of possession is not given to the executors. But if they had the right of possession, their lease to Mrs. Judith P. Fletcher

cannot protect her in holding against respondent's claim. We quote further from the order of Judge Dennis: "The respondents have exhibited to me a rent note from Judith P. Fletcher and E. R. Fletcher, as executors of the last will of John K. Fletcher, dated December, 1930, almost two months after the filing of the *lis pendens.*"

Section 388 of the Code of Civil Procedure 1922 provides: *"Notice of Lis Pendens.—*In an action affecting the title to real property, the plaintiff, at the time of filing the complaint, or at any time afterwards, or whenever a warrant of attachment, under Chapter 4 of Title 7, of Part 2 of this Code of Procedure, shall be issued, or at any time afterwards, the plaintiff, or a defendant, when he sets up an affirmative cause of action in his answer, and demands substantive relief, at the time of filing his answer, or at any time afterwards, if the same be intended to affect real estate, may file with the Clerk [of the Court] of each county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, and the description of the property in that county affected thereby; and if the action be for the foreclosure of a mortgage, such notice must be filed twenty days before judgment, and must contain the date of the mortgage, the parties thereto, and the time and place of recording the same. *From the time of filing only, shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby; and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were made a party to the action."* (Italics added.)

It is inconceivable that Mrs. Judith P. Fletcher, a near relative of the mortgagor, E. R. Fletcher, did not have actual notice of the suit to foreclose on the land which she claims to be renting from him as executor. Unquestionably she had

constructive notice by the filing of the *lis pendens* and was bound by it. The *lis pendens* was filed October 17, 1930, the day the complaint for foreclosure was filed, and her rent note was given in December, 1930. The case of *Ex parte Jenkins,* relied upon by appellant, as sustaining her plea that the question of title being in issue, it was error to grant the writ of assistance, is also authority for the proposition that one may not rely upon a purchase or incumbrance made after the filing of the *lis pendens.*

We quote from it as follows: "As was said by Mr. Justice Field, in delivering the opinion of the Supreme Court of the United States in the case of *Terrell v. Allison,* 21 Wall., 291 [22 L. Ed., 634]: 'A writ of assistance is undoubtedly an appropriate process to issue from a Court of equity to place a purchaser of mortgaged premises under its decree in possession after he has received the commissioner's or master's deed, *as against parties who are bound by the decree* (italics inserted by Justice McIver, quoting the opinion), and who refuse to surrender possession pursuant to its direction or other order of the Court.' * * * 'But,' the learned Justice adds, 'the writ of assistance can only issue against parties bound by the decree, which is only saying that the execution cannot exceed the decree which it enforces; and that the owner of the property mortgaged, which is directed to be sold, *can only be bound when he has had notice of the proceedings for its sale, if he acquired his interest previous to their institution,* is too obvious to require either argument or authority.' " (Italics added.) *Ex parte Jenkins,* 48 S. C., 332, 26 S. E., 686, 689.

Mark the significance of the last phrase.

We quote from the same case: "A writ of assistance can only issue against parties to the proceedings and parties entering into possession under them after suit commenced *pendente lite."*

Mrs. Judith P. Fletcher entered under the defendant in the action for foreclosure after suit commenced *pendente*

*lite.* True he attempted to convey as executor; but he was the defendant-mortgagor also. Mrs. Judith P. Fletcher acquired her interest after the filing of the *lis pendens,* she is bound by the very express provisions of our *lis pendens* statute, Section 388, Code Civil Procedure, as effectively as if she had been made a party to the action. The mortgagor, E. R. Fletcher, one of the appellants here, did not even defend in the action for foreclosure.

We think the matter is set at final rest by the case of *Mc-Nair et al. v. Alex,* 105 S. C., 445, 90 S. E., 23: McNair and others brought suit to foreclose a mortgage given by William Alex, and obtained judgment for foreclosure and sale. Notice of the pendency of the action was filed twenty days before judgment. The sale was had January 4, 1915, and the premises were bought by the plaintiffs. The master executed and delivered to them his deed dated January 13, 1915. Bettie Alex, wife of William Alex, was found in possession of the land, and refused to surrender it. A rule to show cause was issued. For return thereto she alleged that she was the owner in fee of the lot under a deed from Peter Wilson dated January 4, 1915, who, she alleged, owned the legal title; that neither she nor Wilson was a party to the action for foreclosure; and that neither of them is bound by the judgment. The Court ordered that plaintiffs be let into possession. Bettie Alex appealed. This Court in an opinion by Mr. Justice Hydrick, concurred in by all the members, said: "Bettie had actual notice of the facts, and actual as well as constructive notice of plaintiffs' mortgage and of the pendency of the action to foreclosure the same. Indeed, she does not even allege that she is a *bona fide* purchaser for value without notice. *By the express terms of Section 182* [now 388] *of the Code of Civil Procedure she is bound by the judgment in the action for foreclosure.*"

So much of the order of Judge Dennis as assumed to decide the question of the title which E. R. Fletcher took under

the will of John K. Fletcher is reversed. It is affirmed in all other respects.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.